UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

NORTH AMERICAN SPECIALTY                    Case No.
INSURANCE COMPANY, a New                    Hon.
Hampshire insurance corporation,

        Plaintiff,

v.

TITAN RETAIL DEVELOPMENT
INDUSTRIES, LLC, a Michigan limited
liability corporation; OAKLAND
PLUMBING CO., a Michigan corporation;
GEORGE D. ANTHONY, JR.; DINA J.
ANTHONY; MICHAEL J. SCOTT;
MARYBETH SCOTT; NADIA VLAHOS;
and STAMATIOS VLAHOS;

        Defendants.

_____/

Jeffrey M. Frank (P46916)
Omar J. Harb (P51306)
LIPSON NEILSON P.C.
Attorneys for Plaintiff
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
(248) 593-5000
jfrank@lipsonneilson.com
oharb@lipsonneilson.com

_____/

*(sidebar)* LIPSON NEILSON, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

## **COMPLAINT**

NOW COMES the Plaintiff, North American Specialty Insurance Company, by and through its attorneys, Lipson Neilson P.C., and for its Complaint, states as follows:

1.    Plaintiff, North American Specialty Insurance Company ("NAS"), is a New Hampshire insurance corporation with its principal place of business located in Kansas City, Missouri.

2.    Defendant, Titan Retail Development Industries, LLC ("Titan"), is a Michigan limited liability corporation with its principal office located in Macomb Township, Michigan.

3.    Defendant, Oakland Plumbing Co. ("Oakland Plumbing"), is a Michigan corporation with its principal office located in Ray Township, Michigan.

4.    Defendant, George D. Anthony, Jr., is a Michigan citizen domiciled in the state of Michigan, and residing at 2537 West Wattles Road, Troy, Michigan 48098.

5.    Defendant, Dina Anthony, is a Michigan citizen domiciled in the state of Michigan, and residing at 13682 Jack Pine Lane, Shelby Township, Michigan 48315.

6.    Defendant, Michael J. Scott, is a Michigan citizen domiciled in the state of Michigan, and residing at 11377 Bayberry Drive, Bruce Township, Michigan 48065.

7.    Defendant, Marybeth Scott, is a Michigan citizen domiciled in the state of Michigan, and residing at 11377 Bayberry Drive, Bruce Township, Michigan 48065.

8.    Defendant, Nadia Vlahos, is a Michigan citizen domiciled in the state of Michigan, and residing at 18192 Mackay Drive, Macomb Township, Michigan 48042.

LIPSON NEILSON, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

9.      Defendant, Stamatios Vlahos, is a Michigan citizen domiciled in the state of Michigan, and residing at 18192 Mackay Drive, Macomb Township, Michigan 48042.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 28 USC § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.     Venue is proper in this district under 28 USC § 1391.

## GENERAL ALLEGATIONS

12.     Each of the Defendants executed a General Indemnity Agreement in favor of Plaintiff dated December 10, 2015.  (A copy of the "Indemnity Agreement" is attached hereto as **Exhibit A**).

13.     As consideration for the Defendants' promises as set forth in the Indemnity Agreement, Plaintiff issued certain Payment and Performance Bonds naming Titan Retail Development Industries, LLC ("Titan") as Principal (the "Titan Bonds").

14.     As consideration for the Defendants' promises as set forth in the Indemnity Agreement, Plaintiff issued certain Payment and Performance Bonds naming Oakland Plumbing Company ("Oakland Plumbing") as Principal (the "Oakland Plumbing Bonds").

LIPSON | NEILSON, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

3

15.     When issuing the Titan Bonds and the Oakland Plumbing Bonds, Plaintiff

relied on Defendants' promises in the Indemnity Agreement, and would not have issued

the Titan Bonds and the Oakland Plumbing Bonds absent those promises.

16.     Plaintiff received claims from subcontractors, suppliers, labor fringe

benefit funds, and obligees on the Titan Bonds and the Oakland Plumbing Bonds.

17.     As of February 26, 2020, NAS has paid the following claims on the Titan

Bonds totaling $2,180,239.79:

| Bond Number | Project Name | Claimant Name | Amount |
|---|---|---|---|
| SUR 2254917 00 | Macomb Community College, Building SB Renovations | Detroit Technical Equipment | $10,364.61 |
| SUR 2254917 00 | Macomb Community College, Building SB Renovations | Drapery By Ernest LLC | $1,130.82 |
| SUR 2254917 00 | Macomb Community College, Building SB Renovations | KVM Door Systems, Inc. | $3,581.00 |
| SUR 2254917 00 | Macomb Community College, Building SB Renovations | Nelson Iron Works, Inc. | $13,881.90 |
| SUR 2254917 00 | Macomb Community College, Building SB Renovations | Stonecreek Interior Systems, LLC | $108,190.66 |
| SUR 2263717 00 | St. Clair Community College, Student Dormitory Renovations | Elkhorn Construction Co., Inc. | $46,265.00 |

LIPSON NEILSON, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

LIPSON NEILSON, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302   (248) 593-5000

| Bond Number | Project Name | Claimant Name | Amount |
|---|---|---|---|
| SUR 2263717 00 | St. Clair Community College, Student Dormitory Renovations | Mica-Tec | $15,688.57 |
| SUR 2263717 00 | St. Clair Community College, Student Dormitory Renovations | Russell Plastering Co. | $973.50 |
| SUR 2267208 00 | Macomb Community College, Building CE Renovations | DCA Products, Inc. | $960.00 |
| SUR 2267208 00 | Macomb Community College, Building CE Renovations | Detroit Technical Equipment | $38,626.89 |
| SUR 2267208 00 | Macomb Community College, Building CE Renovations | Elkhorn Construction Co., Inc. | $39,615.00 |
| SUR 2267208 00 | Macomb Community College, Building CE Renovations | Men of Steel Inc. | $12,334.30 |
| SUR 2267208 00 | Macomb Community College, Building CE Renovations | Progressive Plumbing Supply Co. | $13,700.00 |
| SUR 2267209 00 | Macomb Community College, Building SF Renovations | Brencal Contractors, Inc. | $73,125.84 |
| SUR 2267209 00 | Macomb Community College, Building SF Renovations | CWW, Inc., dba Creative Windows | $16,300.00 |
| SUR 2267209 00 | Macomb Community College, Building SF Renovations | Distinctive Interiors, Ltd. | $51,900.00 |

| Bond Number | Project Name | Claimant Name | Amount |
|---|---|---|---|
| SUR 2267209 00 | Macomb Community College, Building SF Renovations | Elkhorn Construction Co., Inc. | $114,000.00 |
| SUR 2267209 00 | Macomb Community College, Building SF Renovations | International Building Products, Inc. | $18,826.00 |
| SUR 2267209 00 | Macomb Community College, Building SF Renovations | Men of Steel, Inc. | $41,160.50 |
| SUR 2267214 00 | Waterford School District, Houghton & Haviland Elementary Schools | Elkhorn Construction Co., Inc. | $232,845.00 |
| SUR 2267223 00 | Fraser Public School District, Renovations | Arisco Contracting Group, Inc. | $53,782.82 |
| SUR 2267223 00 | Fraser Public School District, Renovations | Elkhorn Construction Co., Inc. | $114,475.00 |
| SUR 2271817 00 | Bloomfield Hills Schools, High School Parking Lot | Distinctive Interiors, Ltd. | $16,011.01 |
| SUR 2271817 00 | Bloomfield Hills Schools, High School Parking Lot | Progressive Plumbing Supply Co. | $1,355.38 |
| SUR 2275989 00 | Troy School District, Early Childhood Center | Construction Specialties of Zeeland, Inc. | $46,255.43 |
| SUR 2275989 00 | Troy School District, Early Childhood Center | Elkhorn Construction Co., Inc. | $402,800.00 |

LIPSON NEILSON, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

| Bond Number | Project Name | Claimant Name | Amount |
|---|---|---|---|
| SUR 2275989 00 | Troy School District, Early Childhood Center | Gypsum Supply/Ryan Building Materials/R&E Automated Systems/R&E Development Group LLC | $105,000.00 |
| SUR 2275989 00 | Troy School District, Early Childhood Center | NA Mans & Sons, Inc. | $239,314.51 |
| SUR 2275989 00 | Troy School District, Early Childhood Center | Pro Touch Commercial | $54,712.50 |
| SUR 2275989 00 | Troy School District, Early Childhood Center | Progressive Systems, Inc. | $20,650.17 |
| SUR 2275989 00 | Troy School District, Early Childhood Center | Stony Creek Services, Inc. | $139,109.38 |
| SUR 2275989 00 | Troy School District, Early Childhood Center | Tanner Supply Company | $133,304.00 |

**Total:  $2,180,239.79**

LIPSON | NEILSON, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

18.     As of February 26, 2020, the following claims totaling $503,661.38 are pending against the Titan Bonds:

| Bond Number | Project Name | Claimant Name | Amount |
|---|---|---|---|
| SUR 2263717 00 | St. Clair Community College, Student Dormitory Renovations | Arisco Contracting Group, Inc. | $33,666.00 |
| SUR 2267208 00 | Macomb Community College, Building CE Renovations | Arisco Contracting Group, Inc. | $37,218.00 |
| SUR 2267208 00 | Macomb Community College, Building CE Renovations | Future Fence Co. | $36,432.33 |
| SUR 2267214 00 | Waterford School District, Houghton & Haviland Elementary Schools | Progressive Plumbing Supply | $3,281.90 |
| SUR 2275989 00 | Troy School District, Early Childhood Center | Performance Bond Claim | $393,063.15 |
| | | **Total:** | **$503,661.38** |

19.     As of February 26, 2020, NAS has not paid any claims related to the Oakland Plumbing Bonds.

20.     As of February 26, 2020, there are no claims pending against the Oakland Plumbing Bonds, however, NAS has worked with Oakland Plumbing and the Obligees on the Oakland Plumbing-bonded Projects to issue joint checks to pay subcontractors, suppliers, and fringe benefits.

LIPSON NEILSON, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

21.     As of February 26, 2020, Plaintiff has paid costs, expenses, consulting fees, and attorney fees in the total amount of $260,085.15.

22.     As of February 26, 2020, Plaintiff has received salvage from obligees on Oakland Plumbing Projects in the amount of $21,688.19.[1]

23.     As of February 26, 2020, in total, Plaintiff has paid net losses, costs, expenses, consulting fees, and attorney fees of $2,418,636.75.

24.     Starting on July 19, 2019, Plaintiff's counsel, Jeffrey M. Frank, sent demands for indemnification and collateral security to Defendants. (Copies of the July 19, 2019 letter, November 1, 2019 email, December 3, 2019 email, January 6, 2020 email, and February 11, 2020 email are attached hereto as **Exhibit B**).

25.     To date, Defendants have not fully indemnified Plaintiff or provided collateral security to Plaintiff.

## COUNT I – BREACH OF CONTRACT
## (INDEMNITY AGREEMENT)
### (All Defendants)

26.     Plaintiff incorporates the above-stated paragraphs as though fully set forth herein.

---

[1] As of February 26, 2020, salvage funds in the amount of $2,767.14 have been deposited by Plaintiff, but have not yet cleared Plaintiff's bank.  Plaintiff has included the $2,767.14 in its $21,688.19 salvage calculation contained in Paragraph 22.

LIPSON NEILSON, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

27.    Pursuant to the terms of the Indemnity Agreement, the Defendants

promised as follows:

> Indemnity: The Indemnitors shall exonerate, hold harmless and indemnify the Surety from and against any and all Loss. For the purpose of this Agreement, Loss means any liability, loss, costs, damages, attorneys' fees, consultants' fees, and other expenses, including interest, which the Surety may sustain or incur by reason of, or in consequence of, the execution of the Bonds (or any renewals, continuations or extensions). Loss includes but is not limited to the following: (a) sums paid or liabilities incurred in the settlement of claims; (b) expenses paid or incurred in connection with the investigation of any claims; (c) sums paid in attempting to procure a release from liability; (d) expenses paid or incurred in the prosecution or defense of any suits; (e) any judgments under the Bonds; (f) expenses paid or incurred in enforcing the terms of this Agreement; (g) sums or expenses paid or liabilities incurred in the performance of any Bonded contract or related obligation; and (h) expenses paid in recovering or attempting to recover losses or expenses paid or incurred. Loss expressly includes attorney fees incurred in defending claims, protecting the Surety's interests in any bankruptcy or insolvency proceeding, arranging for the Surety's performance of its obligations, evaluating, settling, and paying claims, seeking recovery under the terms of this Agreement from the Indemnitors, and pursuing the Surety's common law rights to seek recovery of losses from others, including third parties. The Indemnitors agree that their liability shall be construed as the liability of a compensated Surety, as broadly as the liability of the Surety is construed toward its obligee or other claimants. (See Exhibit A at ¶ 2).

28.    As of February 26, 2020, Plaintiff has paid total net losses, costs,

expenses, consulting fees, and attorney fees in the amount of $2,418,363.75 as a result

of having issued the Titan Bonds and the Oakland Plumbing Bonds.

29.    To date, Defendants have failed to fully indemnify Plaintiff.

LIPSON | NEILSON, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

30.     Defendants' failure to fully indemnify and reimburse Plaintiff for its total net losses, costs, expenses, consulting fees, and attorney fees is a breach of contract entitling Plaintiff to damages.

WHEREFORE, Plaintiff, North American Specialty Insurance Company, respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff and against Defendants, jointly and severally, for all losses, costs, expenses, consulting fees, and attorney fees paid, including Plaintiff's net losses, costs, expenses, consulting fees, and attorney fees as of February 26, 2020, in the amount of $2,418,636.75 plus interest, as well as any additional losses, costs, expenses, consulting fees, and attorney fees paid by Plaintiff after February 26, 2020.  Plaintiff further requests that this Court award any other relief in its favor that this Court deems just and appropriate.

## COUNT II – COMMON LAW INDEMNITY
### (Titan)

31.     Plaintiff incorporates the above-stated paragraphs as though fully set forth herein.

32.     Plaintiff served as surety for Titan when it issued the Titan Bonds.

33.     Titan, as Principal on such Bonds, has a common law duty to indemnify its surety for all losses incurred as a result of the issuance of the Titan Bonds.

34.     As of February 26, 2020, Plaintiff has paid total losses in the amount of $2,180,239.79 as a result of having issued the Titan Bonds.

35.     As of February 26, 2020, Plaintiff has incurred costs, expenses, consulting fees, and attorney fees as a result of having issued the Titan Bonds.

36.     Plaintiff is entitled to be indemnified by Titan under the common law doctrine of indemnification for all losses, costs, expenses, consulting fees, and attorney fees as of February 26, 2020, plus the amount of any losses, costs, expenses, consulting fees, and attorney fees paid after February 26, 2020.

WHEREFORE, Plaintiff, North American Specialty Insurance Company, respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff and against Defendant Titan Retail Development Industries, LLC for all losses, costs, expenses, consulting fees, and attorney fees paid, including Plaintiff's net losses, costs, expenses, consulting fees, and attorney fees as of February 26, 2020, in an amount that exceeds $75,000.00, plus interest, as well as any additional losses, costs, expenses, consulting fees, and attorney fees paid by Plaintiff after February 26, 2020.  Plaintiff further requests that this Court award any other relief in its favor that this Court deems just and appropriate.

## COUNT III – COMMON LAW INDEMNITY
### (Oakland Plumbing)

37.     Plaintiff incorporates the above-stated paragraphs as though fully set forth herein.

38.     Plaintiff served as surety for Oakland Plumbing when it issued the Oakland Plumbing Bonds.

LIPSON NEILSON, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

39.    Oakland Plumbing, as Principal on the Oakland Plumbing Bonds, has a common law duty to indemnify its surety for all losses incurred as a result of the issuance of the Oakland Plumbing Bonds.

40.    As of February 26, 2020, Plaintiff has incurred costs, expenses, consulting fees, and attorney fees as a result of having issued the Oakland Plumbing Bonds.

41.    Plaintiff is entitled to be indemnified by Oakland Plumbing under the common law doctrine of indemnification for all losses, costs, expenses, consulting fees, and attorney fees as of February 26, 2020, plus the amount of any losses, costs, expenses, consulting fees, and attorney fees paid after February 26, 2020.

WHEREFORE, Plaintiff, North American Specialty Insurance Company, respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff and against Defendant Oakland Plumbing Company for all losses, costs, expenses, consulting fees, and attorney fees paid, including Plaintiff's net losses, costs, expenses, consulting fees, and attorney fees as of February 26, 2020, in an amount that exceeds $75,000.00, plus interest, as well as any additional losses, costs, expenses, consulting fees, and attorney fees paid by Plaintiff after February 26, 2020.  Plaintiff further requests that this Court award any other relief in its favor that this Court deems just and appropriate.

LIPSON NEILSON, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

## COUNT IV – SPECIFIC PERFORMANCE
## OF COLLATERAL SECURITY PROVISION
### (All Defendants)

42.     Plaintiff incorporates the above-stated paragraphs as though fully set forth herein.

43.     By executing the Indemnity Agreement, the Defendants additionally agreed as follows:

> Collateral Security: Upon demand of the Surety, the Indemnitors shall immediately deposit with the Surety a sum of money as collateral security on the Bonds. The Surety's right to demand collateral security shall be triggered by any one of the following: (a) if it receives any notice of default, claim, or lawsuit asserting liability; (b) if it sets up a reserve to cover any investigation, demand, liability, claim asserted, suit or judgment under any of the Bonds; or (c) in the event there is a material change in the financial condition of any of the Indemnitors. The collateral security shall be equal to the liquidated amount stated in any claim or demand plus the amount that the Surety deems sufficient to cover the Surety's estimate of the costs and expenses to defend, investigate and adjust the claim or demand. If any claim or demand does not expressly state a specific amount, then the collateral payment to the Surety shall be in an amount the Surety deems sufficient to protect it from Loss related to the investigation, adjustment, payment and defense of the claim. Any collateral deposited as security on the Bonds shall be available in the sole discretion of the Surety against any Bonds within the scope of this Agreement or for any other indebtedness of the Indemnitors to the Surety. The Surety shall not be required to make any payment under the Bonds prior to demanding collateral security from the Indemnitors. (See Exhibit A at ¶ 3).

44.     Plaintiff received claims related to the Titan Bonds and to the Oakland Plumbing Bonds.

14

45.     In reliance on the collateral security provision in the Indemnity Agreement, Plaintiff made demand on Defendants for collateral security, as set forth in Exhibit B.

46.     Despite such demand, Defendants have failed to provide Plaintiff with any collateral security or provide assurances that such collateral security would be paid.

47.     As of February 26, 2020, claims totaling $503,661.38 are pending against the Titan Bonds. *See* Paragraph 18, *supra*.

48.     As a result of the pending claims against the Titan Bonds and the anticipated continuing costs, expenses, consulting fees, and attorney fees Plaintiff will incur as a result of having issued the Titan Bonds and the Oakland Plumbing Bonds, Plaintiff demands Defendants provide collateral security in the amount of $700,000.00.

49.     Pursuant to the Indemnity Agreement, Defendants are obligated to provide collateral security in the amount $700,000.00, and this Court should specifically enforce such obligation.

WHEREFORE, Plaintiff, North American Specialty Insurance Company, respectfully requests that this Honorable Court specifically enforce the collateral security provision of the Indemnity Agreement and enter judgment in favor of Plaintiff and against Defendants, jointly and severally, requiring the Defendants to deposit cash collateral in the amount of not less than $700,000.00 with Plaintiff.  Plaintiff further requests that this Court award any other relief that it deems just and appropriate.

LIPSON NEILSON, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

## COUNT V – QUIA TIMET
### (Titan)

50.      Plaintiff incorporates the above-stated paragraphs as though fully set forth herein.

51.      Plaintiff anticipates and fears injuries and losses as a result of having acted as surety for Titan.

52.      Pursuant to the common law doctrine of *quia timet*, Plaintiff, as surety, is entitled to funds from its Principal in an amount sufficient to protect Plaintiff from anticipated injuries and losses.

53.      Based on the claims received by Plaintiff, Plaintiff anticipates injuries and losses in the amount of not less than $700,000.00 as a result of having acted as surety for Titan.

54.      Titan, as Principal, is obligated to deposit funds with its surety, to protect the surety from anticipated injuries and losses.

WHEREFORE, Plaintiff, North American Specialty Insurance Company, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, Titan Retail Development Industries, LLC, based on the common law principle of *quia timet* requiring Defendant Titan Retail Development Industries, LLC to deposit cash collateral in the amount of not less than $700,000.00 with Plaintiff. Plaintiff further requests that this Court award any other relief that it deems just and appropriate.

<div style="margin-left:40%">

Respectfully submitted,

**LIPSON NEILSON P.C.**

By:  /s/Jeffrey M. Frank
   Jeffrey M. Frank (P46916)
   Omar J. Harb (P51306)
   Attorneys for Plaintiff
   3910 Telegraph Rd, Ste 200
   Bloomfield Hills, MI 48302
   (248) 593-5000
   jfrank@lipsonneilson.com
   oharb@lipsonneilson.com

</div>

Dated: March 2, 2020
N:\LNCSG\AF6201\000130\SURETY\COMPLAIN\BH955924.DOCX