UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,

                Plaintiff,

v.

TITAN RETAIL DEVELOPMENT
INDUSTRIES, LLC, *et al.*,

                Defendants.
_____/

Civil Action No. 20-10539

Arthur J. Tarnow
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO CERTIFY DEFAULT JUDGMENT AS FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b) (ECF No. 35)

Before the Court is a Motion to Certify Default Judgment as Final Judgment under Fed. R. Civ. P. 54(b), which was filed by Plaintiff North American Specialty Insurance Company ("NAS") on December 15, 2020. (ECF No. 35). On January 15, 2021, Defendants Nadia and Stamatios Vlahos (the "Vlahoses") filed a response to this motion (ECF No. 38), and NAS filed a reply on January 22, 2021 (ECF No. 39). An Order of Reference was entered on March 31, 2021, referring the motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B). (ECF No. 55). The Court held oral argument on May 13, 2021.

### I. RECOMMENDATION

For the reasons set forth in detail on the record and below, **IT IS RECOMMENDED** that NAS' Motion to Certify Default Judgment as Final Judgment under Fed. R. Civ. P. 54(b) be **DENIED**.

### II. REPORT

This case arises out of a business relationship between NAS and the various defendants, in

which each of the defendants allegedly executed a General Indemnity Agreement (the "Indemnity Agreement") in favor of NAS on December 10, 2015. In exchange, NAS issued Payment and Performance Bonds on various projects being performed by defendant Titan Retail Development Industries, LLC ("Titan") and defendant Oakland Plumbing Company ("Oakland Plumbing"). NAS eventually paid substantial sums on the bonds, and then brought this action to collect on the Indemnity Agreement (and on related common law claims).

In its motion, NAS indicates that, on November 17, 2020, the Court entered default judgments against six of the named defendants in this case – Titan, Oakland Plumbing, George Anthony, Dina Anthony, Michael Scott, and Marybeth Scott (collectively the "Defaulted Defendants"). The Vlahoses filed an answer to NAS' complaint, alleging that their signatures on the Indemnity Agreement were forged and/or resulted from fraud. The Vlahoses have since filed a counterclaim against NAS, alleging that NAS caused damage to them by accepting an Indemnity Agreement containing forged signatures, as well as crossclaims against Oakland Plumbing, Michael Scott, and Diane Thoel (the notary who notarized the allegedly forged/fraudulent signatures).

Despite the fact that the claims and counterclaims between NAS and the Vlahoses, as well as the Vlahoses' crossclaims, remain pending, NAS now asks the Court to certify the default judgments it obtained against the Defaulted Defendants as final judgments pursuant to Fed. R. Civ. P. 54(b) so that it may take steps to enforce such judgments and engage in post-judgment collection proceedings.

Fed. R. Civ. P. 54(b) allows courts to enter a final judgment as to certain claims, even while others remain pending, providing as follows:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties

2

> are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The Sixth Circuit has identified "[a] nonexhaustive list of factors" to be considered in determining whether there is a just reason for delay under Rule 54(b), including:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering v. Thyssen Env't Sys. Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986) (internal quotations omitted). "Rule 54(b) is not to be used routinely or as a courtesy or accommodation to counsel[.]" *Id.* (internal citations omitted). Instead, "[t]he power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice." *Id.* (internal quotations omitted).

As set forth in greater detail on the record, certification of the default judgments as final judgments pursuant to Rule 54(b) is inappropriate on the facts of this case. Specifically:

- The adjudicated and unadjudicated claims – all of which (including NAS' common law claims) arise primarily out of the Indemnity Agreement and its alleged fraudulent execution – are substantially intertwined. As set forth above, the Vlahoses assert that their signatures on this agreement were forged and/or fraudulent and, thus, that they are not liable to NAS pursuant to the terms of this agreement. They have proffered evidence suggesting that they were not present at the time the Indemnity Agreement was signed, as well as a declaration from co-defendant Dina Anthony, who also avers that she did not sign the document at issue. The Vlahoses also intend to prove that at least some of the Defaulted Defendants' signatures on the Indemnity Agreement are forged, which they argue will add credence to their claim about their own signatures. Thus, not only are the various claims intertwined, but granting NAS' instant motion could result in the Court certifying a judgment against a person or entity whose liability flows from a signature determined to be fraudulent. While it would be unusual for a party with such a defense to fail to appear to litigate the matter, the Court lacks sufficient information about those matters to discredit the Vlahoses' approach. In short, with

3

- the claims at issue hinging in so many ways on the validity of the Indemnity Agreement, the relationship between the adjudicated and unadjudicated claims in this case weighs against certification of the default judgments obtained by NAS as final judgments.

- The presence of the Vlahoses' crossclaims against Michael Scott and Oakland Plumbing also counsel against the relief requested by NAS. If, as the Vlahoses allege, they were duped by one or both of those defendants – and therefore roped into the instant litigation through no fault of their own – it would be improper to give NAS a "running start" on collecting against those defendants when the Vlahoses are also seeking to recover from them for their wrongdoing.

- This last point is made more acute by the fact that the Vlahoses are defendants in this case because NAS sued them in connection with an Indemnity Agreement the Vlahoses claim they did not sign. Presently, there is no way for the Court to know the legitimacy of the Vlahoses' forgery argument; both sides purport to have handwriting experts who will support their respective positions. However, if the Vlahoses are correct, it would be highly inequitable to give NAS a head start on collecting against Michael Scott and Oakland Plumbing, which NAS contends are likely the only collectible Defaulted Defendants.

- In sum, given that the relief NAS is seeking is of an extraordinary nature, and that there are several just reasons for delaying entry of final judgments in this matter against the Defaulted Defendants, NAS simply has not shown that such relief is warranted at this time.

## III.   CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that NAS' Motion to Certify Default Judgment as Final Judgment Under Fed. R. Civ. P. 54(b) **(ECF No. 35)** be **DENIED**.

Dated: May 14, 2021            s/David R. Grand
Ann Arbor, Michigan            DAVID R. GRAND
                               United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*,

474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 14, 2021.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager