UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,

      Plaintiff,

v.

TITAN RETAIL DEVELOPMENT
INDUSTRIES, LLC, ET AL,

      Defendants.

Case No. 20-10539

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
DAVID R. GRAND

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [70], DENYING PLAINTIFF'S MOTION TO CERTIFY DEFAULT JUDGMENT AS FINAL [35], AND GRANTING 'S DEFENDANTS' MOTION TO DISMISS COUNTERCLAIM WITHOUT PREJUDICE [49]**

On November 17, 2020, the Court granted Plaintiff's Motion for Default Judgment [28] against Defendants Titan Retail Development Industries, LLC, Oakland Plumbing Co., George D. Anthony, Jr., Nina J. Anthony, Michael J. Scott, and Marybeth Scott ("the Defaulting Defendants"). (ECF No. 29).

On January 15, 2021, Plaintiff moved for the Default Judgment [29] to be certified as a final judgment pursuant to FED. R. CIV. P. 54(b). (ECF No. 35). The remaining Defendants, Nadia and Stamatios Vlahos ("the Vlahoses"), responded in

opposition on January 15, 2021, arguing, among other things, that their pending crossclaims against several of the Defaulting Defendants would be prejudiced by certification. (ECF No. 38). The Vlahoses also moved to voluntarily dismiss without prejudice their counterclaim against Plaintiff, which they filed on April 14, 2020, prior to retaining counsel. (ECF No. 49). Plaintiff responded in opposition on February 24, 2021, arguing that the Court should only dismiss the counterclaim if it did so with prejudice or upon payment of Plaintiff's costs, expenses, and attorney fees. (ECF No. 50).

On March 31, 2021, the Court referred Plaintiff's Motion to Certify [35] to the Magistrate Judge. (ECF No. 55). The Magistrate Judge held a hearing on May 13, 2021, and on May 14, 2021, issued a Report and Recommendation ("R&R"), recommending that Plaintiff's Motion [35] be denied. (ECF No. 70). Neither party objected. The Court having reviewed the record, the R&R [70] is hereby **ADOPTED** and entered as the findings and conclusions of the Court.

The Vlahoses' request that the Court dismiss their counterclaim without prejudice falls under FED. R. CIV. P. 41(a)(2). "'Voluntary dismissal without prejudice is [] not a matter of right.' Factors relevant to the consideration of a motion to dismiss without prejudice include the extent to which the suit has progressed, the duplicative expense of relitigation, and the adequacy of plaintiff's explanation for

the need to dismiss." *Doran v. Jabe*, 158 F.R.D. 383, 389 (E.D. Mich. 1994) (citation omitted) (quoting *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990)). Here, given that the Vlahoses initially filed their counterclaim without the benefit of counsel and dispositive motions on the counterclaim have not yet been filed, the Court finds it appropriate to **GRANT** their Motion for Voluntary Dismissal Without Prejudice [49].

Accordingly,

**IT IS ORDERED** that the R&R [70] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify Default Judgment as Final Judgment [35] is **DENIED**.

**IT IS FURTHER ORDERED** that the Vlahoses' Motion for Voluntary Dismissal of Counterclaim Without Prejudice [49] is **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: June 2, 2021　　　　　　　　　　Senior United States District Judge