UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,

          Plaintiff,

v.

TITAN RETAIL DEVELOPMENT
INDUSTRIES, LLC, *et al.*,

          Defendants.

_____/

Civil Action No. 20-10539

Arthur J. Tarnow
United States District Judge

David R. Grand
United States Magistrate Judge

### REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS CLAIMS AGAINST NADIA AND STAMATIOS VLAHOS WITHOUT PREJUDICE (ECF No. 78)

Before the Court is a Motion to Voluntarily Dismiss Claims Against Nadia and Stamatios Vlahos Without Prejudice, which was filed by Plaintiff North American Specialty Insurance Company ("NAS") on July 16, 2021. (ECF No. 78). On July 27, 2021, Defendants Nadia and Stamatios Vlahos (the "Vlahoses") filed a response to this motion (ECF No. 80), and NAS filed a reply on August 3, 2021 (ECF No. 83). An Order of Reference was entered on August 4, 2021, referring the motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B). (ECF No. 84). The Court held oral argument on NAS' motion on September 21, 2021.

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that NAS' Motion to Voluntarily Dismiss Claims Against Nadia and Stamatios Vlahos Without Prejudice **(ECF**

No. 78) be **GRANTED**.

II.     **REPORT**

   A.     **Background**

This case arises out of a business relationship between NAS and the various defendants, in which each of the defendants allegedly executed a General Indemnity Agreement (the "Indemnity Agreement") in favor of NAS on December 10, 2015. In exchange, NAS issued Payment and Performance Bonds on various projects being performed by defendants Titan Retail Development Industries, LLC and Oakland Plumbing Company. NAS eventually paid substantial sums on the bonds, and then brought this action to collect on the Indemnity Agreement (and on related common law claims).[1]

On April 14, 2020, the Vlahoses filed an answer to NAS' complaint, alleging that their signatures on the Indemnity Agreement were forged and/or resulted from fraud. (ECF No. 7). At the same time, the Vlahoses filed a counterclaim against NAS, alleging that NAS caused damage to them by accepting an Indemnity Agreement containing forged signatures, and seeking over $3,000,000, including punitive damages. (*Id.*). Subsequently, the Vlahoses filed crossclaims against Oakland Plumbing, Michael Scott, and Diane Thoel (the notary who notarized the allegedly forged/fraudulent signatures). (ECF No. 42).

On September 2, 2020, NAS obtained an expert handwriting report from Erich Speckin of Speckin Forensics, which concluded that Stamatios Vlahos signed his own

---

[1] On November 17, 2020, the Court entered default judgments in NAS' favor against six of the named defendants in this case – Titan Retail, Oakland Plumbing, George Anthony, Dina Anthony, Michael Scott, and Marybeth Scott. (ECF No. 29).

name to the Indemnity Agreement and that it was "likely" that he also signed Nadia Vlahos' signature to the agreement. (ECF No. 78-2). Subsequently, the Vlahoses obtained a contrary handwriting expert report, which opined that neither Stamatios nor Nadia Vlahos signed their names to the Indemnity Agreement. As a result, NAS has moved to voluntarily dismiss its claims against the Vlahoses, explaining:

> NAS has determined that (a) it will be very expensive to continue the litigation, as the competing handwriting expert reports would render the possibility of a successful summary judgment motion less likely, and (b) a judgment against the Vlahoses would be difficult to collect upon, given the Vlahoses' financial condition. Based on these factors, and others, NAS has determined that dismissal of the claims against the Vlahoses would be prudent at this time.

(ECF No. 78, PageID.1182) (internal citations omitted). NAS further indicates that, as of the time of the filing of its motion, written discovery had been exchanged, but no depositions had been taken with respect to NAS' claims against the Vlahoses, and neither party had filed a dispositive motion as to such claims. (*Id.*). Thus, NAS seeks to dismiss its claims against the Vlahoses without prejudice.[2]

   **B.** **Analysis**

Fed. R. Civ. P. 41(a) governs voluntary dismissals in federal court. Fed. R. Civ. P. 41(a)(1)(A) permits a plaintiff to voluntarily dismiss an action, without prejudice, without a court order: (1) by filing an appropriate notice, if the adverse party has not filed an answer or a motion for summary judgment; or (2) by filing a "stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Once a defendant has served

---

[2] As NAS points out, the Court previously allowed the Vlahoses to dismiss their counterclaim against it without prejudice. (ECF No. 71).

an answer to the complaint or filed a motion for summary judgment, and in the absence of a filed stipulation, the plaintiff is required to seek an order of the court to voluntarily dismiss his suit. *See* Fed. R. Civ. P. 41(a)(2). The court may grant a request for voluntary dismissal "on terms that the court considers proper." *Id.*

Whether to permit a plaintiff to voluntarily dismiss his case is a matter committed to the court's discretion. *See Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). An "abuse of discretion is found only where the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice …." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (internal quotations omitted). Thus, "a district court should [ordinarily] grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Quiktrak, Inc. v. Hoffman*, No. 1:05-CV-384, 2005 WL 2465735, at *2 (W.D. Mich. Oct. 6, 2005) (internal quotations omitted). To determine whether prejudice would result, the court "typically considers the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Hicks v. Welton*, No. 1:09-CV-942, 2010 WL 2507775, at *1 (W.D. Mich. June 17, 2010) (citing *Bridgeport Music, Inc.*, 583 F.3d at 953).

Here, the factors set forth above weigh in favor of permitting NAS to dismiss its claims against the Vlahoses without prejudice. First, as noted above, only written discovery has been conducted so far, and no depositions have been taken with respect to

4

NAS' claims against the Vlahoses. Moreover, neither NAS nor the Vlahoses have filed a dispositive motion in this case, and there has been no trial preparation that would need to be duplicated in the future. Thus, these factors weigh in favor of a dismissal without prejudice.

Additionally, NAS has come forward with a valid explanation for its desire to dismiss without prejudice. As set forth above, given that the parties have obtained opposing expert handwriting opinions with respect to the legitimacy of the signatures at issue, it seems unlikely that this matter would be resolved at the summary judgment stage. Additionally, depositions of lay and expert witnesses would be required prior to trial, and dismissal of this matter would allow both parties to avoid the expenses associated with those depositions. And, while continued litigation would be expensive, on the one hand, the prospect of collection on any judgment obtained by NAS against the Vlahoses is minimal, on the other hand, given the Vlahoses' assertions in their counterclaim that they have little income and only nominal assets. (ECF No. 7, PageID.113). Lastly, the Court notes that the Vlahoses have already been permitted to dismiss their counterclaim against NAS without prejudice, over NAS' objection. (ECF No. 71). Thus, all of these factors weigh in favor of granting NAS' request to dismiss their claims against the Vlahoses without prejudice.

In opposing NAS' request for dismissal without prejudice, the Vlahoses argue that any dismissal of NAS' claims without prejudice should be conditioned on payment of the Vlahoses' attorney's fees, or at least on a condition that the dismissal be with prejudice. (ECF No. 80, PageID.1231, 1240-43). But the Vlahoses' arguments lack merit.

### *An Award of Attorney's Fees is Not Warranted*

The Vlahoses have not shown an entitlement to recover fees they have incurred in defending against NAS' claims. According to the Vlahoses, "[i]t has long been clear that NAS has no case against [them,]" but NAS waited until "just before the close of discovery" to seek dismissal without prejudice. (*Id.*, PageID.1235). The Vlahoses claim that they have spent in excess of $57,000 on legal fees, expert fees, and other expenses in defending against NAS, as well as pursuing their crossclaims in this case. (*Id.*, PageID.1237). They point out that, in certain situations, courts may condition a dismissal without prejudice on the payment of expenses incurred by the other party in order to reimburse that party for the litigation costs incurred, "in view of the risk (often the certainty) … that the same suit will be refiled and will impose duplicative expenses upon him." (*Id.*, PageID.1238) (internal citations omitted) (citing cases).

Factors to be considered in determining whether to award costs under Rule 41(a)(2) include "(1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation; (2) whether the defendant incurred substantial expenses in defending the action; (3) whether the plaintiff delayed in bringing the motion to dismiss; and (4) whether the work performed can be used in a subsequently filed action." *Matthews v. General RV Center, Inc.*, No. 16-13463, 2017 WL 411354, at *1 (E.D. Mich. Jan. 31, 2017) (internal quotations omitted).

Here, the Vlahoses have not shown that NAS acted in bad faith in relying on its expert's handwriting report, which concluded that Stamatios Vlahos signed the Indemnity Agreement, and most likely signed his wife's name as well, in bringing and prosecuting

6

claims against the Vlahoses. Moreover, there is no indication that NAS delayed in bringing the instant motion to dismiss; after receiving the Vlahoses' competing expert report on April 22, 2021, NAS reasonably determined that the matter would not be resolved on summary judgment, began exploring the possibility of settlement, and once those discussions broke down, promptly filed the instant motion. (ECF No. 83, PageID.1341).

Finally, the Vlahoses' argument that much of the work performed in the early stages of litigation would need to be redone *if* NAS re-filed a complaint against them rings entirely hollow as the Vlahoses had the opportunity to be in complete control over that concern – a point the Court illuminates in detail below.

### *A Dismissal With Prejudice is Not Warranted*

The Vlahoses argue, "NAS insists it should retain its right to sue the Vlahoses again," and that "a dismissal without prejudice is not simply a stay. It creates the possibility of a second lawsuit with all the labor and expense that entails." (ECF No. 80, PageID.1239, 1241). To that end, they go on to argue:

> The real reason that NAS is dropping its claims is obvious: It cannot win. Though there was evidence of forgery all along, the evidence has become overwhelming. Moreover, whereas NAS may have originally expected to bury the Vlahoses and force them into a harsh resolution when they were proceeding pro se, it is now clear that NAS would have to take its case to trial—and lose. NAS's late decision to drop its lawsuit does not warrant dismissal without prejudice. The Court should preclude another harassing suit by dismissing the claims with prejudice.

(*Id.*, PageID.1242).

All of these arguments fail for the same reason: NAS made clear it has no intention of suing the Vlahoses again as to these issues, and it offered the Vlahoses complete control

7

over whether they ever had to face such a suit. Specifically, NAS offered to dismiss its claims against the Vlahoses <u>with</u> prejudice, in exchange for the Vlahoses' agreement to dismiss their counterclaim <u>with</u> prejudice. NAS also offered to provide – as part of its dismissal without prejudice – a covenant not to sue the Vlahoses unless the Vlahoses first re-filed their claims against NAS. (ECF No. 83-4). Again, in either case, the Vlahoses would control whether they would face "another harassing suit" by NAS with respect to this matter. While the Vlahoses are well within their rights to reject these offers, their refusal to agree to them belies their argument that this Court should only grant NAS a dismissal with prejudice.

Finally, much of the legal work performed by the Vlahoses' attorneys – and, thus, the litigation expenses incurred – would have been necessary to pursue the Vlahoses' crossclaims against Michael J. Scott and Oakland Plumbing. Thus, these expenses were not completely wasted.

For all of these reasons, it would be inappropriate to condition NAS' requested dismissal without prejudice on payment of the Vlahoses' attorney's fees, or to require that NAS' dismissal be with prejudice.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that NAS' Motion to Voluntarily Dismiss Claims Against Nadia and Stamatios Vlahos Without Prejudice **(ECF No. 78)** be **GRANTED**.

Dated: November 22, 2021  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

8

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 22, 2021.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
