UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTH AMERICAN SPECIALTY
INSURANCE CO.,

       Plaintiff,

v.

TITAN RETAIL DEVELOPMENT
INDUSTRIES, LLC, OAKLAND
PLUMBING CO., GEORGE D. ANTHONY, JR.,
DINA J. ANTHONY, MICHEL J. SCOTT,
MARYBETH SCOTT, NADIA VLAHOS,
and STAMATIOS VLAHOS,                 Civil Case No. 20-10539
                                                              Honorable Linda V. Parker

       Defendants.

and

NADIA VLAHOS and STAMATIOS
VLAHOS,

       Cross-Plaintiffs,

v.

MICHAEL SCOTT and
OAKLAND PLUMBING CO.,

       Cross-Defendants.
_____/

**OPINION AND ORDER (1) GRANTING PLAINTIFF NORTH AMERICAN SPECIALTY INSURANCE COMPANY'S RENEWED MOTION TO CERTIFY DEFAULT JUDGMENT AS FINAL JUDGMENT (ECF NO. 100) AND (2) GRANTING THE MOTION TO WITHDRAW AS COUNSEL FOR NADIA AND STAMATIOS VLAHOS (ECF NO. 101)**

This matter is presently before the Court on two motions:

- Plaintiff North American Specialty Insurance Company's motion to certify default judgment as a final judgment pursuant to Federal Rule of Civil Procedure 45(b) (ECF No. 100); and

- Maxwell Goss and Fishman Stewart PLLC's motion to withdraw as counsel for Defendants and Cross-Plaintiffs Nadia and Stamatios Vlahos (ECF No. 101).

No response was filed to the first motion. Plaintiff North American Specialty Insurance Company ("NASIC") filed a response to the second motion only to express its objection to any stay of or delay in the proceedings related to its default judgment due to the withdrawal of counsel. (ECF No. 102.) The Court held a hearing with respect to both motions on May 18, 2022, which the Vlahoses attended. During the hearing, the Vlahoses indicated that they do not object to their counsel's withdrawal and intend to proceed *pro se*. As stated on the record, the Court is granting both motions.

**Background**

On March 2, 2020, NASIC initiated this lawsuit against Defendants Titan Retail Development Industries, LLC ("Titan"), Oakland Plumbing Company

2

("Oakland Plumbing"), George D. Anthony, Jr., Dina J. Anthony, Michael J. Scott, Marybeth Scott, and the Vlahoses (collectively "Defendants").[1] In its Complaint, NASIC sought indemnification pursuant to agreements executed by Defendants in connection with Payment and Performance Bonds naming Titan and Oakland Plumbing. (*See* ECF No. 1.) The Vlahoses answered NASIC's Complaint.[2] (ECF No. 7.) The remaining Defendants failed to respond and NASIC obtained a default judgment against them on November 17, 2020. (ECF No. 29.)

Thereafter, on February 2, 2021, the Vlahoses filed a Cross-Complaint against Michael J. Scott and Oakland Plumbing and a Third-Party Complaint against Diane Thoel. (ECF No. 42.) The Vlahoses cross- and third-party-claims relate to their assertion that their signatures on the indemnity agreement with NASIC were forged. (*Id*.) The Vlahoses subsequently dismissed their claims against Thoel.[3] (ECF No. 82.) Michael Scott and Oakland Plumbing answered the Cross-Complaint (ECF No. 88) after clerk's entries of default were entered against

---

[1] The matter initially was assigned to the late Honorable Arthur J. Tarnow but was reassigned to the undersigned pursuant to Administrative Order 22-AO-007 on February 16, 2022.

[2] The Vlahoses also filed counterclaims against NASIC. (ECF No. 7.) They later filed a motion to voluntarily dismiss the counterclaims without prejudice (ECF No. 49), which Judge Tarnow granted on June 2, 2021 (ECF No. 71).

[3] The Court is terminating Thoel from the action as she should have been, but was not, when the Vlahoses dismissed their claims against her.

3

them (ECF No. 66, 67) and the Vlahoses filed (ECF No. 79) and then withdrew a motion for default judgment (ECF No. 92). Since that time, the parties have engaged in no discovery with respect to the Vlahoses' claims. They are seeking to mediate the claims, in addition to state-court eviction proceedings initiated by Michael Scott against Mr. Vlahos. A settlement conference was held before Magistrate Judge David R. Grand on May 26, 2022.

## Analysis

### Counsel's Motion to Withdraw

Attorney Goss and Fishman Stewart, PLLC seek to withdraw as counsel for the Vlahoses, citing Rule 1.16 of the Michigan Rules of Professional Conduct. Specifically, counsel cites Rule 1.16(b)(4) which permits withdrawal where, among other reasons, the client substantially fails to fulfill an obligation to the lawyer regarding the latter's services and reasonable warning has been given that the lawyer will withdraw unless the obligation is satisfied. Counsel also cites Rule 1.16(b)(5), which permits withdrawal after notice where the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client. As indicated, neither the Vlahoses nor the remaining parties object to counsel's withdrawal.

4

The Court finds good cause for counsel to withdraw from the representation of the Vlahoses.

**NASIC's Motion for Judgment Under Rule 54(b)**

Rule 54(b) provides that a final judgment may be entered "as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Sixth Circuit has identified several relevant factors when deciding whether to certify a judgment as "final" under Rule 54(b):

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that appellate review may be mooted by future developments; (3) the possibility that the appellate court may have to consider the same issue twice; and (4) the costs of the delay.

*Local Union No. 1812, United Mine Workers of Am. v. BethEnergy Mines, Inc.*, 992 F.2d 569, 572 (6th Cir. 1993) (citing *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61 n.2 (6th Cir. 1986)). These factors weigh in favor of granting NASIC's motion.

NASIC's claims against the defaulted parties are distinct from the Vlahoses' cross-claims against Oakland Plumbing and Michael Scott. The outcome of the cross-claims do not impact the default judgment obtained by NASIC. In other words, NASIC is entitled to recover against the defaulted parties regardless of

5

whether the Vlahoses prevail on their cross-claim against Oakland Plumbing and Michael Scott. The outcome of the cross-claim has no impact on any appeal related to the default judgment and the same issues would not be presented to the Sixth Circuit on any separate appeals concerning the complaint and cross-complaint. In the meantime, the costs of delay to NASIC are great as further delay risks the dissipation of assets by the defaulted parties before NASIC is able to recover on the default judgment.

The Court therefore concludes that a separate judgment should be entered on the default judgment pursuant to Rule 54(b).

## Conclusion

For the reasons stated,

**IT IS ORDERED** that the motion to withdrawal as counsel for Nadia and Stamatios Vlahos (ECF No. 101) is **GRANTED** and Attorney Goss and Fishman Stewart PLLC are terminated and the Vlahoses will proceed *pro se*.

**IT IS FURTHER ORDERED** that Diane Thoel is terminated as a party to this action as the claims against her were dismissed on July 31, 2021 (ECF No. 82);

**IT IS FURTHER ORDERED** that Plaintiff North American Specialty Insurance Company's renewed motion to certify the default judgment as a final

6

judgment pursuant to Federal Rule of Civil Procedure 54(b) (ECF No. 100) is **GRANTED**. Plaintiff's counsel shall prepare and submit a proposed Judgment within seven (7) days of this Opinion and Order.

    **IT IS SO ORDERED.**

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: June 1, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 1, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>Case Manager