UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY, a New
Hampshire insurance corporation,

        Plaintiff,

v.

TITAN RETAIL DEVELOPMENT
INDUSTRIES, LLC, a Michigan limited
liability corporation; OAKLAND
PLUMBING CO., a Michigan corporation;
GEORGE D. ANTHONY, JR.; DINA J.
ANTHONY; MICHAEL J. SCOTT;
MARYBETH SCOTT; NADIA VLAHOS;
and STAMATIOS VLAHOS;

        Defendants.

Case No. 2:20-cv-10539
Hon. Linda V. Parker

> **MOTION UNDER MCR 3.101(M)(3) FOR JUDGMENT SEEKING PAYMENT OF CLOSING PROCEEDS TO PLAINTIFF OR, ALTERNATIVELY, INTO ESCROW, REQUEST FOR EXPEDITED HEARING, AND BRIEF IN SUPPORT**

Jeffrey M. Frank (P46916)
Omar J. Harb (P51306)
Jessica L. Wynn (P75442)
LIPSON NEILSON P.C.
Attorneys for Plaintiff
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
(248) 593-5000
jfrank@lipsonneilson.com
oharb@lipsonneilson.com
jwynn@lipsonneilson.com

Eugene H. Boyle, Jr. (P42023)
E. H. BOYLE, P.C.
Attorney for Michael Scott and
Oakland Plumbing Co.
14950 East Jefferson Ave., Suite 200
Grosse Pointe Park, MI 48230
(313) 344-4000
gene@ehboyle.com

Henry E. Sarnacki (P32614)
Chioini Sarnacki & Reynolds
Attorneys for Defendant Vlahoses
14 First St
Mount Clemens, MI 48043-2523
(586) 465-4900
henry@chionigroup.com

<u>**MOTION UNDER MCR 3.101(M)(3) FOR JUDGMENT SEEKING PAYMENT**</u>
<u>**OF CLOSING PROCEEDS TO PLAINTIFF OR, ALTERNATIVELY,**</u>
<u>**INTO ESCROW, REQUEST FOR EXPEDITED HEARING,**</u>
<u>**AND BRIEF IN SUPPORT**</u>

NOW COMES Plaintiff, North American Specialty Insurance Company, by and through its attorneys, Lipson Neilson P.C., and for its Motion Under MCR 3.101(M)(3) for Judgment Seeking Payment of Closing Proceeds to Plaintiff or, Alternatively, into Escrow, and Request for Expedited Hearing, states as follows:

1.      Plaintiff holds an unsatisfied Default Judgment against Defendant, Michael J. Scott, among others.

2.      Plaintiff served a Garnishment upon Garnishee Defendant, Stamatios Vlahos, with respect to any amounts owed to Mr. Scott.

3.      Mr. Vlahos filed his Garnishee Disclosure indicating that certain amounts are owed to Mr. Scott, to the extent Mr. Vlahos elects to redeem certain property being purchased from Mr. Scott via Land Contract.

4.      As further set forth in the Brief below, which is incorporated herein by reference, Plaintiff seeks a judgment from this Court under MCR 3.101(M)(3) requiring that any funds to be paid at a closing with respect to such land contract be

paid to Plaintiff pursuant to the Garnishment, or, alternatively, placed into escrow until this Court can fully determine the parties' rights regarding such proceeds.

5.      Plaintiff further requests an expedited hearing on this Motion, as the closing—to the extent it occurs—must take place no later than September 7, 2023, as set forth in the Brief below.

6.      Pursuant to Local Rule 7.1(a), counsel for Plaintiff conferred with Henry Sarnacki, counsel for Garnishee Defendant, on August 11, 2023, seeking concurrence in the relief sought in this Motion. Such conference included an explanation of the nature of the Motion and its legal basis, and such concurrence was not provided.  Mr. Frank and Mr. Sarnacki have had subsequent conversations as well.


WHEREFORE, Plaintiff, North America Specialty Insurance Company, respectfully requests that this Honorable Court grant its Motion and enter a Judgment requiring that proceeds that would otherwise be paid to Michael J. Scott pursuant to the closing between Stamatios Vlahos and Michael J. Scott be paid to Plaintiff pursuant to its Garnishment, or, alternatively, placed in escrow with this Court pending determination of the parties' rights by this Court.  Plaintiff additionally requests that this Court permit an expedited hearing on this Motion based on the imminent September 7, 2023 deadline for the Land Contract closing. Plaintiff further requests

that this Court grant any other relief in Plaintiff's favor that it deems just and appropriate.

Respectfully submitted,

**LIPSON NEILSON P.C.**

By:  */s/Jeffrey M. Frank*
Jeffrey M. Frank (P46916)
Attorney for Plaintiff
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
(248) 593-5000
jfrank@lipsonneilson.com

Dated: August 21, 2023

## **BRIEF IN SUPPORT**

## **I.  FACTS**

This Court entered a Default Judgment in favor of Plaintiff and against various Defendants, including Michael J. Scott, on November 17, 2020, in an amount exceeding $2,700,000 (including both indemnification and an obligation to post collateral security).  (ECF No. 29).  On June 2, 2022, this Court certified the Default Judgment as "Final" under Fed. R. Civ. P. 54(b).  (See ECF No. 106).

On June 2, 2023, the Court Clerk issued a Non-Periodic Garnishment naming Stamatios Vlahos as Garnishee Defendant with respect to any amounts owed to Michael J. Scott.  (ECF No. 289).  On August 8, 2023, Mr. Vlahos filed his Garnishee

Disclosure (ECF No. 294).  Pursuant to the Disclosure, Mr. Vlahos acknowledged that a Judgment of Possession after Land Contract Forfeiture had been entered on May 9, 2023 in a state district court action.  (See the "Judgment of Possession; at ECF No. 294, Page ID.1987).  Pursuant to the Judgment of Possession, the state district court held that Mr. Vlahos owed Mr. Scott $231,230.50 pursuant to a certain Land Contract and that such amount must be paid by Mr. Vlahos to Mr. Scott within 90 days (by August 7, 2023) to avoid eviction.  (ECF No. 294, Page ID.1988).  According to Mr. Vlahos' Garnishee Disclosure, the parties have apparently negotiated an extension, pursuant to which the right of redemption must now be exercised by September 7, 2023.  (ECF No. 294, Page ID.1985).

The Garnishee Defendant has taken the position in his Disclosure that no amounts are currently due, because there has been no official redemption of the property as of yet.  However, the Garnishee Disclosure indicated that Mr. Vlahos believes that, to the extent he redeems his interest in the property, the proceeds should "be paid to whoever this Court determines is entitled to the same."  (ECF No. 294, Page ID.1986).

Pursuant to MCR 3.101(M)(2), Plaintiff has served Interrogatories and a Notice of Deposition upon Mr. Vlahos as Garnishee Defendant, seeking additional information with respect to the Disclosure, and the potential closing with respect to the property.  However, given the deadline of September 7, 2023 for a potential closing,

the closing could occur (and Mr. Scott could receive the proceeds) prior to Plaintiff's receipt of the Interrogatory responses and prior to the Deposition, and before this Court can make a determination as to the rights with respect to such proceeds.

## II. ARGUMENT

Pursuant to MCR 3.101(M)(3), Plaintiff may "move for a judgment against the garnishee to the extent of the admissions in the disclosure." The Disclosure indicates that amounts are owed, and that payment of such amounts is contingent only upon Garnishee Defendant's election to redeem the property rather than be evicted. In other words, there is no dispute that amounts are owed by Mr. Vlahos to Mr. Scott. Simply because Mr. Vlahos can choose whether to satisfy the amounts owed or (in the alternative) face eviction, the fact of the amount being owed remains.

Under Mr. Vlahos' theory (as reflected in the Disclosure), the only time amounts would be "owed" would be the very moment at closing when Mr. Vlahos is handing a check to Mr. Scott (as Mr. Vlahos could technically change his mind right up until that very moment) in exchange for the deed to the property. This would be patently unfair to Plaintiff and is rights as a judgment creditor.

Given the inherit difficulty in serving a garnishment after the final election to redeem the property is made (at the closing itself) but before the funds are actually paid to Mr. Scott, Plaintiff requests that this Court enter a judgment against Garnishee

6

Disclosure requiring that (should Mr. Vlahos elect to avoid eviction) any proceeds be paid to Plaintiff pursuant to the Garnishment or, alternatively, into escrow with this Court – rather than to Mr. Scott.

Plaintiff is not seeking to require Mr. Vlahos to redeem the property.  Rather, such judgment would only require payment to be made to Plaintiff (or into escrow) to the extent Mr. Vlahos does elect to redeem the property.  If the Court declines to order that the funds be paid directly to Plaintiff, then placing the funds into escrow with this Court would preserve the status quo and Plaintiff's rights as judgment creditor.

Finally, given the September 7, 2023 deadline for any closing (referenced above), Plaintiff also seeks an expedited hearing so that a closing does not take place before this Court can determine the parties' rights and obligations with respect to the Land Contract proceeds and the Garnishment.


WHEREFORE, Plaintiff, North America Specialty Insurance Company, respectfully requests that this Honorable Court grant its Motion and enter a Judgment requiring that proceeds that would otherwise be paid to Michael J. Scott pursuant to the closing between Stamatios Vlahos and Michael J. Scott be paid to Plaintiff pursuant to its Garnishment, or, alternatively, placed in escrow with this Court pending determination of the parties' rights by this Court.  Plaintiff additionally requests that this Court permit an expedited hearing on this Motion based on the imminent

7

September 7, 2023 deadline for the Land Contract closing. Plaintiff further requests that this Court grant any other relief in Plaintiff's favor that it deems just and appropriate.

Respectfully submitted,

**LIPSON NEILSON P.C.**

By: _/s/Jeffrey M. Frank_
Jeffrey M. Frank (P46916)
Attorney for Plaintiff
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
(248) 593-5000
jfrank@lipsonneilson.com

Dated: August 21, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2023, I electronically filed and served the foregoing using the ECF system, which will send notification of such filing to all counsel of record, and I also served the foregoing via electronic mail to:

Stamatios Vlahos
s3contracting888@gmail.com

Henry E. Sarnacki, Esq.
henry@chioinigroup.com

/s/*Amy Zielinski*
Amy Zielinski

N:\LNCSG\AF6201\000130\SURETY\BRIEF\00349460.DOCX